# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KAREN ORNELAS, <br><br> Defendant. | Case No. 19-cr-03295-BAS-2 <br><br> **ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (ECF No. 53)** |

On May 27, 2020, the Court sentenced Ms. Ornelas to 37 months in custody, concurrent on each count, of which she has served approximately 16 months.[1] (ECF Nos. 38, 52.) Ms. Ornelas now moves to reduce her sentence to time served because of the coronavirus pandemic. (ECF No. 53 ("Defendant's Motion").) The Government opposes. (ECF No. 55 ("Government's Response").) For the reasons stated below, the Court **DENIES** Ms. Ornelas's request.

## I.   BACKGROUND

Ms. Ornelas came through the Port of Entry as a passenger in a minivan driven by her daughter and accompanied by her daughter's young children. (ECF No. 38 ("PSR") ¶¶ 4–6.) Agents found in the minivan 23.92 kilograms of methamphetamine, 2 kilograms

---

[1] Ms. Ornelas's Motion claims she has served 25 months for this offense, but she was only arrested on July 31, 2019. (ECF Nos. 1, 38.) Hence, she has only been in custody for 16 months.

- 1 -

of fentanyl, and 28 grams of heroin hidden in two spare tires and a rear quarter panel. (*Id.*) Ms. Ornelas admitted knowledge of the drugs and exonerated her daughter for any involvement in the offense. (PSR ¶ 10.) Ms. Ornelas said she committed the offense because she was unemployed and living in a motel with her husband. (PSR ¶ 13.)

Ms. Ornelas has a lengthy criminal record including eight convictions (six misdemeanors and two felonies) for possession of a controlled substance, being under the influence of a controlled substance, and possession of drug paraphernalia. (PSR ¶¶ 31–46.) She has six convictions for shoplifting and many violations of probation. (*Id.*) Ms. Ornelas has a 30-year history of living a transient lifestyle, either living in motels or out of her car. (PSR ¶102.) She currently has an active warrant for failure to appear, issued the same date as her arrest in this case, out of San Bernardino County Superior Court. (Government's Response, Exh. 3.)

At the time she was interviewed for the Presentence Report (PSR), earlier this year, Ms. Ornelas, who is now 65 years old, "stated that she is in good health and has never had any chronic health conditions." (PSR ¶ 65.) Nonetheless, she now claims that she is at risk from COVID-19 because she has hypertension and has a BMI of 33.3. (Defendant's Motion, Exh. A.) On September 17, 2020, she tested positive for COVID-19. (*Id.*)

Counsel for Ms. Ornelas provides proof that she requested compassionate release from the Warden at MCC on behalf of Ms. Ornelas on August 24, 2020, but received no response. (Defendant's Motion, Exh. B.) As of the date of filing her Motion, Ms. Ornelas is being held at the San Diego MCC, presumably because prisoners are not being moved out of the local jail due to the coronavirus. According to the BOP, MCC has largely gotten the past COVID-19 outbreak under control. *See* BOP, Covid-19 Cases, http://www.bop.gov/coronavirus (last visited Nov. 19, 2020). Although 267 inmates and 27 staff had tested positive earlier in the year, currently only six inmates and one staff member are positive for the virus. *Id.* The Government provides information about the BOP's efforts to contain the disease. (Government's Response.)

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, Ms. Ornelas must fully exhaust her administrative remedies from the warden of the facility where she is being housed before she turns to the court for relief.

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapses and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Ms. Ornelas provides evidence that she submitted a request for compassionate release to the Warden on August 24, 2020. (Defendant's Motion, Exh. B.) Since she received no response to this request within 30 days, she has exhausted her administrative remedies.

### B. Extraordinary and Compelling Circumstances

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to

establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Ms. Ornelas argues that extraordinary and compelling reasons exist for her release because she has hypertension and is obese. (Defendant's Motion.) The Centers for Disease Control and Prevention ("CDC") reports that "COVID-19 is a new disease. Currently there are limited data and information about the impact of many underlying medical conditions and whether they increase the risk for severe illness from COVID-19." *See* CDC, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). That said, "[b]ased on what we know at this time," it appears that adults with hypertension or high blood pressure "might be at an increased risk for severe illness from the virus that causes COVID-19." *Id.* While that may be the case and while Ms. Ornelas may have suffered from hypertension in the past, her current regimen at MCC appears to be keeping her blood pressure well under control. (Government's Response, Exh. A (reflecting Ms. Ornelas's most recent blood pressure readings of 134/74 on 11/7/20, 115/69 on 10/26/20 and 109/62 on 10/20/20).)

Additionally, according to the CDC, people with a BMI of over 30 "are at increased risk of severe illness from the virus that causes COVID-19." CDC, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 2, 2020). Defendant provides evidence that her current BMI is 33.3. (Defendant's Motion, Exh. A.)

However, the sad reality is that about half the U.S. population is obese. *See United States v. Aguilar*, No. 18-cr-00275-LHK, 2020 WL 6081779, at *5 (N.D. Cal. Oct. 5, 2020) ("As of 2017-2018, 42.4% of American adults are obese.") (citing Craig M Hales et al., *Prevalence of Obesity and Severe Obesity Among Adults, United States, 2017-2018*, CDC (Feb. 2020), https://www.cdc.gov/nchs/products/databriefs/db360.htm). Even more starkly, "[i]n 2015, the Bureau of Justice Statistics reported that in 2011-2012, 74% of

prisoners and 62% of jail inmates were overweight, obese or morbidly obese." *Id.* (citing U.S. Dept. of Justice, *Medical Problems of State and Federal Prisoners and Jail Inmates, 2011-12* (Oct. 4, 2016), https://www.bjs.ogv/content/pub/pdf/mpsfpji112.pdf). Assuming this is still the case in 2020, if obesity qualified as an extraordinary and compelling reason for a sentence reduction, the vast majority of prisoners would currently be eligible for release.

The Court need not reach the issue of whether obesity alone is sufficient to qualify as extraordinary and compelling reasons for release during this time of the pandemic, because ultimately, turning to the § 3553(a) factors, the Court finds the reduction is not warranted for Ms. Ornelas.

**C. Section 3553(a) Factors**

First, it bears noting that this Court sentenced Ms. Ornelas in May of this year when the problems posed by the coronavirus pandemic in the prisons were well known. The Court took these concerns into consideration when sentencing Ms. Ornelas to a reduced sentence. Although defense counsel argues that the rate of infection at the MCC where Ms. Ornelas is being housed has increased drastically since Ms. Ornelas was sentenced, in fact, it increased drastically and has now decreased drastically. Therefore, the Court finds the circumstances are not that different than they were at the time the Court imposed the 37-month sentence on Ms. Ornelas.

Significantly, Ms. Ornelas has a lengthy criminal record involving drugs and theft. She has multiple probation violations, leading the Court to have concerns about her amenability to following court orders while on release. Even if she was released from federal custody, she has an outstanding warrant from state court for one of these violations.

The Court does not believe that release after 16 months would be sufficient to deter Ms. Ornelas from further crimes, and such a reduced sentence would not adequately reflect the seriousness of the offense she committed. Additionally, releasing her this early would result in unwarranted disparities with other similarly-situated defendants.

**III. CONCLUSION**

Because the Section 3553(a) factors do not support releasing Ms. Ornelas, her Motion for a Sentence Reduction pursuant to Title 18 U.S.C. § 3582(c)(1)(A) is **DENIED**. (ECF No. 53.)

**IT IS SO ORDERED.**

**DATED: November 20, 2020**

Hon. Cynthia Bashant
United States District Judge